UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRETT M. MAJORIA, PARIS DITCHARO,                    CIVIL ACTION
AND OTHERS SIMILARLY SITUATED

VERSUS                                               NO.  06-11266

UNITED PARCEL SERVICE, INC.                          SECTION  "N"

## <u>ORDER AND REASONS</u>

Presently before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Class Certification and/or for More Definite Statement (Rec. Doc. No. 30).  As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs Majoria and Ditcharo ("Plaintiffs") were hired by Defendant between August 29, 2005, and December 25, 2005.  Plaintiffs contend that, although they were hired as full-time, "permanent" employees, rather than seasonal, temporary employees, they later were terminated, or changed to part-time or non-driver employees, at the end of the seasonal peak – between December 25, 2005, and January 25, 2006.  Plaintiffs purport to sue on behalf of themselves and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated.

Following oral argument regarding Defendant's Motion to Strike and Alternative Motion for More Definite Statement (Rec. Doc. No. 8), the Court ordered Plaintiffs to file an amended and superseding complaint that satisfied the class action pleading requirements set forth

in Local Rule 23.1.[1]  In response, Plaintiffs filed their "First Amended Complaint for Damages - Class Action" on August 9, 2007 (Rec. Doc. No. 27) .  With its present motion, Defendant contends that Plaintiffs still have not satisfied the requirements of Local Rule 23.1.  In addition, Defendant argues that Plaintiffs' First Amended Complaint does not sufficiently plead this Court's subject matter jurisdiction, pursuant to 28 U.S.C. §1332, and that Plaintiffs' allegations regarding their breach of contract and detrimental reliance claims do not provide sufficient notice to Defendant.

Having reviewed the parties' submissions, as well as the First Amended Complaint and relevant authorities, the Court agrees with Defendant that, despite being instructed to do so, Plaintiffs have not fully satisfied the pleading requirements of Local Rule 23.1.  First, they do not "refer to the portions of Rule 23 under which it is claimed that the suit is properly maintainable as a class action."  *See* Local Rule 23.1.  Relatedly, if Rule 23(b)(3) is implicated, Plaintiffs do not "include allegations thought to support the findings required by that subdivision."  *Id.*  Second, Plaintiffs do not specifically identify the common questions of law or fact for the proposed class.  *Id.*  Third, Plaintiffs do not specify "the basis upon which [they claim]" to be adequate representatives of the class.  *Id.*  Nor do Plaintiffs explain their conclusory assertion that their claims are typical of those of the class as is required by Rule 23.  *See* Fed. R. Civ. P. 23(a).

Further, for an action to be properly asserted as a class action, the class must be "so large and numerous that joinder of all of the members is impracticable."  *Id.*  Plaintiffs' First

---

[1]   *See* July 11, 2007 Minute Entry (Rec. Doc. No. 24); *see also* Transcript of July 11, 2007 Hearing at 5-6, Exhibit A to Memorandum in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Class Certification and/or for More Definite Statement ("Defendant's Mem.") (Rec. Doc. No. 30-3).

Amended Complaint alleges that the putative class includes 30-70 employees.[2]   Plaintiffs' opposition memorandum additionally indicates that they believe "at least 70 post-Katrina new hires" were affected.[3]   In neither document, however, have they indicated that joinder of all of the members is impracticable, which is the ultimate consideration.  *See, e.g., Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981).

Given the foregoing, and that Plaintiffs already have been allowed an opportunity to amend their class action allegations to comply with the requirements of Local Rule 23.1, **IT IS ORDERED** that Defendant's motion to dismiss is granted with respect to the claims that Plaintiffs have purported to assert on behalf of a class.  Accordingly, if Plaintiffs' action ultimately survives dismissal, only the claims asserted by Plaintiffs in their individual capacities shall be tried and determined herein.

Moving beyond Plaintiffs' class action allegations, the Court finds that the First Amended Complaint contains additional pleading deficiencies.  As an initial matter, Plaintiffs invoke 28 U.S.C. §1332, allege the citizenship of Defendant, and state that "there is complete diversity of citizenship."[4]   They do not, however, set forth Plaintiffs' citizenship or allege that their claimed damages exceed $75,000.  When challenged by Defendant's motion regarding these deficiencies, Plaintiffs responded that "it will be improper [for them] to allege any particular amount

---

[2]        *See* First Amended Complaint (Rec. Doc. No. 27) at ¶ 4.

[3]        *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Class Certification and/or for More Definite Statement ("Plaintiffs' Mem.") (Rec. Doc. No. 41).

[4]        *See* First Amended Complaint at ¶¶ 1-2.

as to damages" without further discovery.[5]  They further explain that they have sought, but been denied, discovery regarding wage and benefit information for permanent UPS drivers.[6]

On this issue, the Court agrees with Defendant that Plaintiffs must plead the requisite citizenship of the parties and jurisdictional amount in the complaint.  *See* Fed. R. Civ. P. 8 (requiring "short and plain statement of the grounds on which the court's jurisdiction depends").  Because this issue was not addressed by Defendant's first motion, the Court will allow Plaintiffs a brief time within which to amend the jurisdictional allegations of the First Amended Complaint.  If Plaintiffs cannot do this consistent with Rule 11 of the Federal Rules of Civil Procedure, then they should reconsider their claims.  If jurisdiction can be and is properly pled, the parties may then address, with the Court's assistance, if necessary, whether limited jurisdictional discovery is appropriate.

Plaintiffs' allegations regarding their substantive claims are also somewhat problematic.  Although Plaintiffs' opposition memorandum suggests fraudulent conduct by Defendant, there are no allegations of fraud in the First Amended Complaint.  If Plaintiffs do intend to pursue a fraud claim, this pleading deficiency must also be promptly rectified consistent with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  With respect to the detrimental reliance claims, Plaintiffs do not identify the detriment allegedly suffered by them as a result of their reliance on Defendant's promises of "permanent" employment.  This pleading deficiency likewise must be cured by amendment.

Accordingly, as further stated herein, **IT IS ORDERED** that:

(1)  Defendant's motion to dismiss (Rec. Doc. No. 30) is granted with respect to the

---

[5]      *See* Plaintiffs' Mem. at 1.

[6]      *Id.* at 2.

claims that Plaintiffs have purported to assert on behalf of a class.  This dismissal is without prejudice.

(2) Plaintiffs must amend their allegations regarding the existence of diversity of citizenship subject matter jurisdiction in this action.

(3) Defendant's alternative motion for more definite statement (Rec. Doc. No. 30) is granted with respect to Plaintiffs' detrimental reliance claims and any claims of fraud.

(4) Plaintiffs must file a second amended and superseding complaint as stated herein within ten (10) calendar days of entry of this Order and Reasons.  Failure to do so may result in dismissal of some or all of Plaintiffs' claims.

New Orleans, Louisiana, this __17th__ day of January 2008.

**KURT D. ENGELHARDT**
**United States District Judge**